[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS
The plaintiff alleges that she was caused to fall and sustain injuries by reason of a defective highway. Suit is predicated on Section 13a-149 Conn. General Statutes which permits a recovery against a municipality for harm sustained by reason of highway defects.
Said statute provides in pertinent part that one injured by reason of an alleged defect in a highway must provide written notice to the municipality indicating inter alia the cause, the time, date and place of the occurrence. Compliance with the notice of provision of the statute is prerequisite to recovery. This requirement the plaintiff has failed to satisfy.
In the instant case the written notice filed by the plaintiff describes the defect as a "tire rut . . . hole" and its location "in the street near my driveway."
The plaintiff failed to indicate the name of the street on which she allegedly fell, her address or her telephone number nor did she describe the size, length or depth of the defect.
At the time of oral argument on Defendant's Motion to Dismiss, the plaintiff did not furnish an affidavit or any extraneous evidence which might have been relevant in determining the sufficiency of the notice or in evaluating any claim of lack of intent to mislead thus invoking the saving clause of the statute.
Generally speaking whether a notice is adequate presents a factual issue for the jury. However the court must first determine whether the notice passes muster as a
The defendant's Motion to Dismiss attacks the sufficiency of the statutory mandated notice. As stated above the court finds the purported notice to be fatally flawed.
Motion to Dismiss is granted.
The Court
John C. Flanagan CT Page 7843 Judge Trial Referee